## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK VANGOETHEM                    :
                                      :
          v.                          :
                                      :       NO.  13-6696
WILLIAM LAWTON, MICHELE FARRELL,      :
and KAREN BRYANT                      :
                                      :


**NORMA L. SHAPIRO, J.**                        **AUGUST 5 , 2014**


Before the court is defendants' motion to dismiss plaintiff's complaint.   Plaintiff Patrick

Vangoethem, in custody at the Philadelphia Industrial Correction Center when he filed this action,

alleges that beginning on January 26, 2012 until the date of filing, November 18, 2013, he was

housed in an overcrowded cell at one of three different Philadelphia County Prisons.  He claims that

these conditions violate his constitutional rights.  Plaintiff brings this action under 42 U.S.C. §

1983.  The court granted plaintiff's application to proceed *in forma pauperis* on January 4, 2014.

On May 20, 2014, the City, on behalf of the named defendants, filed a motion to dismiss.  The

motion is unopposed.

### I.  BACKGROUND

Plaintiff filed a handwritten complaint alleging counts against three defendants: Warden

William Lawton, Warden Michele Farrell, and Warden Karen Bryant.  Plaintiff alleges that during

his incarceration within the Philadelphia Prison System he was placed in a three man cell, a two

person cell with a plastic boat on the floor for a third inmate.[1]  He also alleges that he was

malnourished and denied visitation hours.  He alleges that while in custody he broke his left wrist,

---

[1] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87.  Actions for damages are excluded
from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current
and future persons confined in the Philadelphia Prison System.  Section X.A. states "plaintiffs do not waive their
rights to pursue individual claims for monetary damages under federal or state law."  All such actions have been
assigned to this court.

an injury for which he has never received medical attention.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of

an action for failure to state a claim upon which relief can be granted.  A complaint must contain

sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is

facially plausible if it pleads "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," do not establish a plausible allegation. *Id.*

## III.  DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution

or by federal law.  To state a claim under § 1983, a plaintiff must demonstrate the defendant,

acting under color of state law, deprived him of a right secured by the Constitution or the laws of

the United States.  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).   If a plaintiff

brings suit against individual defendants, personal wrongdoing must be shown "through

allegations of personal direction or of actual knowledge and acquiescence." *Rode v.*

*Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).   The plaintiff must allege a defendant's

personal involvement because a defendant cannot be held liable for a constitutional violation he

did not participate in or approve.  *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the

overcrowded Philadelphia Prison System.  He alleges he was placed in a three man cell that

caused him to suffer "countless sleepless nights, anxiety, depression and stress."  He also alleges

that he has been malnourished while in custody.  Plaintiff appears to be articulating a Section 1983 claim for violations of his Fourteenth Amendment right of due process.  The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[2] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff names the wardens of the Curran-Frumhold Correctional Facility, House of Corrections, and the Philadelphia Industrial Correctional Center as defendants.  Plaintiff has failed to include any allegations that these wardens were personally involved in the alleged deprivation of his constitutional rights.  He only makes one statement regarding their involvement, "the Wardens in the named facilities caused these issues of overcrowding."  This conclusory statement is not sufficient to state a claim against individual defendants under Section 1983.

Plaintiff also appears to allege a medical indifference claim based on a failure to provide medical attention for his broken wrist.  The complaint includes no allegations linking this alleged medical issue to the named defendants.  The plaintiff has not included any of the prisons' medical providers as defendants in his action.

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted.  Plaintiff will be granted leave to amend his complaint.  An appropriate order follows.

---

[2] Plaintiff does not allege that he is a pretrial detainee.  However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he has not been convicted while in PPS custody.