IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK VANGOETHEM, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 13-6696 |
| WILLIAM LAWTON and CORIZON MEDICAL DIRECTOR, | |
| Defendants. | |

**MEMORANDUM OPINION**

**Schmehl, J.   /s/ JLS**                                                                                   **March 20, 2015**

      Before the Court is the Second Motion to Dismiss for Failure to State a Claim of Defendant, Wiliam Lawton. (Docket No. 12). Plaintiff, Patrick Vangoethem, in custody at the time he filed this action, as well as at the present time at the Philadelphia Industrial Correction Center, alleges that the unit in which he was housed had leaky pipes, which caused puddles to accumulate on the floor of the unit. Plaintiff further alleges that he slipped and fell in one of these puddles, breaking his left wrist. Plaintiff's Amended Complaint also alleges that the Corizon Medical Director failed to properly treat his broken wrist. He claims that these actions all violate his constitutional rights and brings this action under 42 U.S.C. § 1983.

      Plaintiff's motion to proceed *in forma pauperis* was granted on January 6, 2014. On May 20, 2014, the City, on behalf of Warden Lawton, filed a Motion to Dismiss. The Honorable Norma L. Shapiro granted this motion on August 6, 2014, and gave Plaintiff leave to file an Amended Complaint. Plaintiff did so on August 18, 2014, naming the Corizon Medical Director in his pleading for the first time. Thereafter, on August 26,

2014, this matter was reassigned to the undersigned, and on August 27, 2014, the City, on behalf of Warden Lawton, filed a second Motion to Dismiss. Plaintiff has failed to respond to the motion.

## I. BACKGROUND

Plaintiff filed a handwritten Amended Complaint setting forth claims against Warden William Lawton and the Director of Corizon Medical Service. Plaintiff alleges that while in custody within the Philadelphia Prison System he broke his left wrist when he slipped and fell in a puddle that had been caused by leaky pipes. He also alleges that the medical director at the prison failed to properly treat this wrist injury.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### III.     DISCUSSION

Plaintiff has failed to respond to the motion to dismiss filed by Defendant Lawton. Failure to make a timely response allows the court to treat a motion as uncontested. Move Organization v. City of Philadelphia, 89 F.R.D. 521, 523 (E.D. Pa. 1981). Further, there is no question that Plaintiff actually received a copy of the motion to dismiss, as the certificate of service states that the motion was served upon him at Philadelphia Industrial Correctional Center ("PICC") on August 27, 2014, and as of the date of this opinion, Plaintiff remains incarcerated at PICC. Plaintiff's response was due in September of 2014, and he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions];" see also Celestial Community Development Corp., Inc., v. City of Philadelphia, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010)(Gardner, J.) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); Nelson v. DeVry, Inc., No. 07-4436, 2009 WL 1213640 (E.D. Pa. April 23, 2009)(Jones, J.) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."). Accordingly, Defendant Lawton's motion to dismiss is granted as unopposed. However, even if I were not to

3

consider the motion as unopposed, I would nonetheless grant the motion and dismiss Plaintiff's Amended Complaint as to Defendant Lawton on the merits.

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).

In the instant matter, Plaintiff names Warden William Lawton as a defendant. Plaintiff has failed to include any allegations that Warden Lawton was personally involved in the alleged deprivation of his constitutional rights. Plaintiff alleges in his amended complaint that he slipped and broke his wrist in prison because of a leaky pipe. Plaintiff's amended complaint avers that Warden Lawton "knew of the pipes leaking, but failed to take any actions." See Am. Compl., ¶ 11. Plaintiff has failed to include any allegations specific to the actions of Warden Lawton. Plaintiff's lone conclusory statement that Warden Lawton "knew of the pipes leaking, but failed to take any actions" is insufficient to state a claim against Warden Lawton under section 1983.

In his Amended Complaint, Plaintiff names Corizon Medical Director as a defendant in this matter for the first time. The docket entries show Corizon was never

4

served with a copy of the Amended Complaint. Accordingly, I will dismiss the Amended Complaint without prejudice as to Defendant Corizon only. Plaintiff may file a Second Amended Complaint as to Corizon Medical Director only, within thirty (30) days of the date of this opinion if he wishes to pursue this matter against Corizon. If Plaintiff files a Second Amended Complaint as to Corizon Medical Director, a summons is to issue, and service of the summons and Second Amended Complaint shall be made upon Corizon by the U.S. Marshals Service. Plaintiff is reminded that this Second Amended Complaint shall not include Warden Lawton as a defendant, as he has been dismissed from this matter with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant Lawton's Motion to Dismiss Plaintiff's amended complaint will be granted. Further, since Plaintiff was given an opportunity to amend his complaint against Warden Lawton and still failed to provide proper allegations regarding Warden Lawton's alleged personal involvement, the claims against Warden Lawton only are dismissed with prejudice. Plaintiff shall file a second amended complaint in thirty (30) days as to Corizon Medical Director only, if he can do so in accordance with the Federal Rules of Civil Procedure.